UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAREN CREAMER, *et al.*,

    *Plaintiffs*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

Civil Action No. 1:22-cv-01874 (CJN)

### ORDER

Plaintiffs are five telephonic advice nurses who hold nursing licenses in the District of Columbia. Compl. ¶ 14, ECF No. 1. When they filed this suit, the District required them to be vaccinated against COVID-19 as a condition of keeping their licenses, unless they received exemptions. Since then, the District has revised that regulation, and the nurses now concede that they face no adverse consequences for failing to vaccinate. 5/9/23 Joint Status Report at 2, ECF No. 22. They have accordingly withdrawn their request for injunctive relief. *Id.*

They nevertheless maintain their requests for declaratory relief and damages. As they put it, although they have agreed to "withdraw their demand for declaratory judgment on the issue of whether [the regulation] *is* legally invalid," they still seek a declaratory "ruling that [the regulation] *was* legally invalid as enacted and imposed upon them." *Id.* at 3. Such a ruling is necessary, say the nurses, because it "goes to the core issue of the cognizable harm already caused by [the District's] illegal actions, for which [the nurses] have sought damages." *Id.*

To obtain declaratory relief, plaintiffs ordinarily "must allege ongoing or imminent injury, rather than purely past injury." *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 40 (D.C. Cir. 2015); *see also Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). As noted above, the nurses

have acknowledged the lack of ongoing or imminent injury by withdrawing their request for injunctive relief. Still, courts have held that plaintiffs "may seek a retrospective declaratory judgment"—that is, declaratory relief premised on past harm—when the request is "intertwined with a claim for monetary damages that requires [the court] to declare whether a past constitutional violation occurred." *Fludd v. Mitchell*, 181 F. Supp. 3d 132, 140 (D.D.C. 2016) (quotations omitted).

But the nurses fail to identity any concrete harm that can be redressed by damages (nominal or otherwise). *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021) (holding that "a plaintiff who sues over a *completed injury*" can establish standing "by requesting only nominal damages") (emphasis added). The upshot of the Complaint is that the nurses will "likely begin incurring damages" if their licenses are not timely renewed. Compl. ¶¶ 64, 71–74. But it is undisputed that all five nursing licenses were renewed without lapse for a period of two years. 7/5/22 Joint Status Report, ECF No. 9. The nurses cannot establish a past injury that is redressable by damages simply by alleging that the regulation, as originally enacted, violated (or risked violating) federal and D.C. law. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205–07 (2021). Nor can they do so by resting only on the costs of bringing this lawsuit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

In short, this action does not present a live case or controversy for the Court to resolve.[1] It is accordingly

---

[1] To the extent the nurses rely on the doctrine of voluntary cessation (and assuming that the doctrine is even relevant here given the relief sought), there's still no live dispute. For a claim to be ripe, there must be "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Air Line Pilots Ass'n, Int'l v. Nw. Airlines, Inc.*, 199 F.3d 477, 486 (D.C. Cir. 1999) (quotations omitted). Given the revised regulations, together with the previous grant of exemptions and license renewals, it is far too speculative that any alleged harm will recur.

**ORDERED** that the Defendants' Motion to Dismiss, ECF No. 14, is **GRANTED**, and the Plaintiffs' Cross Motion for Summary Judgment, ECF No. 17, is **DENIED AS MOOT**.

This is a final appealable order.

The Clerk is directed to terminate the case.

DATE:  June 15, 2023

_____
CARL J. NICHOLS
United States District Judge